UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 15-23977-TBM |
| WESTERN CONVENIENCE STORES, INC. ) | |
| EIN: 84-1160742 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

## MOTION TO SET BAR DATE FOR FILING CLAIMS AND REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS UNDER 11 U.S.C. § 503(B)(9), AND APPROVING THE FORM, MANNER AND NOTICE THEREOF

The Debtor and Debtor-in-Possession, Western Convenience Stores, Inc. ("Debtor"), by and through its undersigned counsel, hereby files its Motion to Set Bar Date for Filing Claims and Requests for Allowance of Administrative Expense Claims Under Bankruptcy Code § 503(b)(9) and Approving the Form, Manner and Notice Thereof. In support thereof, the Debtor respectfully states as follows:

1. The Debtor filed for relief under Chapter 11 of the Bankruptcy Code on December 28, 2015. The Debtor remains a Debtor-in-Possession.

2. The Debtor is engaged in business as the operator of a chain of 43 convenience stores that sell gasoline, snack foods, and related products in the States of Colorado and Nebraska. The Debtors convenience stores are located throughout Colorado and in Southwest Nebraska.

3. The Debtor intends to file a Plan of Reorganization. In order to prepare for confirmation of a Plan of Reorganization, the Debtor must know with some certainty the nature and extent of the pre-Petition Date claims and interests which will be asserted against the estate by creditors.

4. One or more creditors have been scheduled by the Debtor as having claims which are disputed, contingent, or unliquidated and one or more of these creditors may elect to file a proof of claim.

5. In addition, certain pre-petition creditors may seek allowance of claims under Bankruptcy Code § 503(b)(9) which provides that the value of goods sold to the Debtor in the ordinary course and received within the 20 days prior to the Petition Date shall be treated as an allowed administrative expense.

6. The Debtor requests that the Court establish a bar date so that the Debtor will know with some certainty the nature and extent of the pre-Petition Date claims which will be asserted against the estate by creditors and the extent of interests which individuals or entities may claim.

7. With respect to general unsecured claims, Bankruptcy Rule 3003(c)(3) provides that the court shall fix a bar date by which proofs of claim and/or interest must be filed.

8. Bankruptcy Rule 2002(a)(7) provides that notice of the time fixed for filing proofs of claim shall not be less than twenty-one (21) days.

9. The Debtor believes that providing creditors thirty (30) days notification of a bar date for the filing of proofs of claim or interest is appropriate.

10. The Debtor believes it is necessary and appropriate for the Court to fix a bar date for the filing of motions and requests for the allowance of administrative claims under Bankruptcy Code § 503(b)(9). Establishing such an administrative claims bar date will allow the Debtor to quantify the nature, extent and scope of all such claims, a necessary step in the Plan confirmation process.

11. The Debtor believes that providing creditors thirty (30) days notification of a bar date for filing requests for allowance of administrative expense claims under Bankruptcy Code § 503(b)(9) is appropriate.

12. In order to provide adequate notice to potentially affected parties, the Debtor proposes to give notice substantially in the form of the notice attached hereto as Exhibit A (the "Notice") by United States first class mail to all pre-Petition Date creditors and interest holders.

13. The Debtor submits that the Notice and proposed manner of service will provide affected parties with sufficient information to timely file proofs of claims or interests or motions or requests for the allowance of administrative claims under Bankruptcy Code § 503(b)(9). The Notice will: (a) alert affected parties to the consequences of failing to act timely and (b) specify the form to be used for filing the asserted claim.

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, a proposed form attached hereto, (1) establishing a bar date for the filing of proofs of claim and/or interest and requests for allowance of administrative expense claims under Bankruptcy Code § 503(b)(9) thirty (30) days from the date of any order entered approving this application; (2) authorizing the Debtor to provide notice of the Court's bar date in the form attached hereto as Exhibit A to those

pre-Petition Date creditors and interest holders presently known to the Debtor; and (3) for such further and additional relief as to the Court may appear proper.

DATED: January 20, 2016

Respectfully submitted,

By: /s/ Lee M. Kutner
Lee M. Kutner, #10966
Keri L. Riley, #47605
**KUTNER BRINEN GARBER, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Facsimile: (303) 832-1510
Email: lmk@kutnerlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 21, 2016, I served by prepaid first class mail a copy of the foregoing **MOTION TO SET BAR DATE FOR FILING CLAIMS AND REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS UNDER 11 U.S.C. SECTION 503(B)(9), AND APPROVING THE FORM, MANNER AND NOTICE THEREOF** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Wild West Munchies
ATTN: Dan McGeen
546 SE 8th Street
Suite C-12
Loveland, CO 80537

Kubat Equipment and Service Co.
ATTN: Craig Hoyer
1070 South Galapago Street
Denver, CO 80223

PepsiCo, Inc.
ATTN: Conrad Ragan
1100 Reynolds Blvd.
Winston-Salem, NC 27105

Alan K. Motes, Esq.
U.S. Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Philip A. Pearlman, Esq.
Jamie N. Cotter, Esq.
Spencer Fane, LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

John O'Brien, Esq.
Snell & Wilmer, LLP
1200 Seventeenth Street
Suite 1900
Denver, CO 80202-5854

Craig K. Schuenemann, Esq.
Bryan Cave, LLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203-4541

Mark G. Stingley, Esq.
William J. Maloney, Esq.
Bryan Cave, LLP
1200 Main Street
Suite 3800
Kansas City, Missouri 64105

Adam L. Hirsch, Esq.
Kutak Rock, LLP
1801 California Street
Suite 3000
Denver, CO 80202-2658

Erica F. Houck Englert, Esq.
1801 California Street
Suite 3400
Denver, CO 80202

James B. Holden, Esq.
Lynda L. Atkins, Esq.
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO 80203

Gregory G. Hesse, Esq.
Hunton & Williams, LLP
1445 Ross Avenue
Suite 3700
Dallas, Texas 75202-2799

Steven E. Abelman, Esq.
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202

Paul G. Urtz, Esq.
Miller & Urtz, LLC
1660 Lincoln Street
Suite 2850
Denver, CO 80264

Darryl S. Laddin, Esq.
Frank N. White, Esq.
Arnall Golden Gregory, LLP
171 17th Street, NW
Suite 2100
Atlanta, Georgia 30363-1031

Samuel M. Kidder, Esq.
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202-4432

Robert A. Kumin, Esq.
Scott S. Kleypas, Esq.
Robert A. Kumin, P.C.
6901 Shawnee Mission Parkway
Suite 250
Overland Park, KS 66202

Scott A. Clark, Esq.
Burns, Figa & Will, P.C.
Plaza Tower One, Suite 1000
6400 South Fiddlers Green Circle
Greenwood Village, CO 80111

Neal K. Dunning, Esq.
Brown, Berardini, Dunning & Walker, P.C.
2000 South Colorado Boulevard
Tower Two, Suite 700
Denver, CO 80222

Douglas D. Koktavy, Esq.
Douglas D. Koktavy, P.C.
Building B, Suite 120
10200 East Girard Avenue
Denver, CO 80231

Ronald E. Gold, Esq.
Frost Brown Todd LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45208

/s/ Vicky Martina
**Vicky Martina**

U UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 15-23977-TBM |
| WESTERN CONVENIENCE STORES, INC. ) | |
| EIN: 84-1160742 ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**NOTICE OF ORDER ESTABLISHING PROCEDURES AND BAR DATE FOR THE FILING OF PROOFS OF CLAIM AND/OR INTEREST PURSUANT TO BANKRUPTCY RULE 3003(c)(3) AND REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS UNDER 11 U.S.C. § 503(B)(9)**

**TO INDIVIDUALS AND ENTITIES WHO MAY BE CREDITORS OR INTEREST HOLDERS OF THE DEBTOR:**

Please take notice that the Bankruptcy Court has entered an Order establishing procedures and a bar date of **5:00 P.M. PREVAILING MOUNTAIN TIME ON OR BEFORE _____, 2016** ("Bar Date") for filing proofs of claim and/or interest pursuant to Bankruptcy Rule 3003(c)(3) and Motions or Requests for Allowance of Administrative Expense Claims under Bankruptcy Code § 503(b)(9) against the Debtor as follows:

(a) All proofs of claim and proofs of interest must be filed with the Clerk of the Bankruptcy Court by mail or in person, such that they are received no later than the Bar Date, at the following address:

> Clerk of the United States Bankruptcy Court
> United States Customs House
> 721 19th Street
> Denver, CO 80202.

**CLAIMS AND INTERESTS ARE NOT DEEMED FILED UNTIL ACTUALLY RECEIVED BY THE CLERK.**

(b) Any creditor believing it is entitled to an administrative expense claim under Bankruptcy Code § 503(b)(9) must file a Motion or Request for Allowance of Administrative Expense Claim, along with proper L.B.R. 9013-1.1 Notice, with the Clerk of the United States Bankruptcy Court for the District of Colorado, United States Customs House, 721 19th Street, Denver, CO 80202-2508 by e-filing, in person or by mail, such that they are received no later than the Bar Date and served on counsel for the Debtor so as to be received by the Bar Date at the address set forth below. MOTIONS

ARE NOT DEEMED FILED UNTIL ACTUALLY RECEIVED BY THE CLERK.

(c) **ANY CLAIMS, INTERESTS, MOTION OR REQUEST FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM UNDER BANKRUPTCY CODE § 503(b)(9) FILED OR NOT TIMELY SERVED AFTER THE BAR DATE SHALL BE FOREVER DISALLOWED.** Any individual or entity that is required to file a proof of claim, proof of interest or Motion or Request for Allowance of Administrative Expense Claim under Bankruptcy Code § 503(b)(9) by the Bar Date and that fails to do so shall not be treated as a creditor or interest holder for the purposes of voting or distribution, may not receive any further notices of mailings in these Chapter 11 cases and any claim or interest of such individual or entity shall be forever barred.

(d) IT SHALL NOT BE SUFFICIENT TO FILE A PROOF OF CLAIM ASSERTING AN ADMINISTRATIVE EXPENSE CLAIM UNDER BANKRUPTCY CODE § 503(b)(9) WITHOUT FILING AN APPROPRIATE MOTION OR REQUEST AND L.B.R. 9013-1.1 NOTICE BY THE BAR DATE.

(e) Any creditor holding a claim or interest arising prior to date of Debtor's Chapter 11 bankruptcy filing of December 28, 2015, shall file a proof of claim and/or interest with Court if the claim or interest is: (i) not scheduled, (ii) scheduled as disputed, contingent, or unliquidated, or (iii) if such creditor or interest holder disagrees with the amount of the scheduled claim.

(f) Following the Bar Date, a creditor or interest holder shall not be allowed to amend a claim or interest deemed filed on its behalf pursuant to Bankruptcy Code § 1111(a) by virtue of the listing of such claim or interest by Debtor in its respective bankruptcy schedules or filings. Nor shall a creditor be permitted to amend a Motion or Request for Allowance of Administrative Expense Claim after the Bar Date. Allowance of such amendments would undermine the rationale of setting a bar date.

(g) In order to assist in the review and reconciliation of proofs of claim, proofs of interest, and Motions or Requests for Allowance of Administrative Expense Claim under Bankruptcy Code § 503(b)(9) the requesting party should include copies of any invoices, statements or other documents which evidence or support the amount and basis of the claim or interest.

(h) CLAIMANTS OR INTEREST HOLDERS WHO HAVE ALREADY FILED THEIR PROOFS OF CLAIM OR INTEREST SHOULD NOT FILE A DUPLICATE CLAIM OR INTEREST. Claimants or interest holders who have filed a Proof of Claim or Interest MAY file an amended Proof of Claim or Interest by the Bar Date.

**ANY CLAIM INTEREST OR MOTION OR REQUEST FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM NOT PROPERLY FILED WITH THE CLERK OF COURT BY THE BAR DATE WILL BE FOREVER BARRED FROM SHARING IN THE DEBTOR'S ESTATE OR BEING TREATED AS A CLAIM OR INTEREST HOLDER FOR PURPOSES OF VOTING OR DISTRIBUTION.**

DATED: January 20, 2016

Respectfully submitted,

By: _____
Lee M. Kutner, #10966
Keri L. Riley, #47605
**KUTNER BRINEN GARBER, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO 80264
Telephone: (303) 832-2400
Facsimile: (303) 832-1510
Email: lmk@kutnerlaw.com