UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | Case No. 15-23977-TBM |
| WESTERN CONVENIENCE STORES, INC. | ) | |
| EIN: 84-1160742 | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

**NOTICE OF AMENDMENTS TO AGREEMENTS WITH
SUNCOR ENERGY (U.S.A.) INC.**

The Debtor, Western Convenience Stores, Inc., by and through its attorneys, Kutner Brinen Garber, P.C., hereby gives notice of certain non-substantive amendments to its Restructuring Support and Settlement Agreement and related agreements with Suncor Energy (U.S.A.) Inc. ("Suncor") as follows:

1.      The Debtor and Suncor have previously filed with the Court their Restructuring Support and Settlement Agreement which includes a separate Membership Purchase Agreement and Jet Purchase Agreement (collectively "RSSA"). The agreements were filed as exhibits to a Motion for Approval of the RSSA, filed January 29, 2016.

2.      During the course of the case the Debtor and Suncor required certain resolutions with respect to issues concerning the RSSA and its implementation. The modifications to the RSSA have no substantive impact on creditors in this case and enhance the Debtor's ability to proceed with and comply with the RSSA.

3.      The modified agreements are as follows:

   A. First Amendment to Restructuring Support and Settlement Agreement, attached hereto as Exhibit A;

   B. First Amendment to Membership Purchase Agreement, attached hereto as Exhibit B; and

   C. First Amendment to Jet Purchase and Sale Agreement, attached hereto as Exhibit C.

Dated: March 9, 2016                    Respectfully submitted,

                                        By:    /s/ Lee M. Kutner
                                           Lee M. Kutner #10966

**KUTNER BRINEN GARBER, P.C.**
1660 Lincoln Street, Suite 1850
Denver, CO  80264
Telephone:  (303) 832-2400
Facsimile:  (303) 832-1510
E-mail: lmk@kutnerlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 9, 2016, I served by prepaid first class mail a copy of the foregoing **NOTICE OF AMENDMENTS TO AGREEMENTS WITH SUNCOR ENERGY (U.S.A.), INC.** on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED. R. BANKR. P. and these L.B.R. at the following addresses:

Kubat Equipment and Service Co.
ATTN: Craig Hoyer
1070 South Galapago Street
Denver, CO 80223

PepsiCo, Inc.
ATTN: Conrad Ragan
1100 Reynolds Blvd.
Winston-Salem, NC 27105

Harpel Oil Company
ATTN: Douglas C. Harpel
5480 Brighton Blvd.
Commerce City, CO 80022

Alan K. Motes, Esq.
U.S. Trustee's Office
1961 Stout Street
Suite 12-200
Denver, CO 80294

Philip A. Pearlman, Esq.
Jamie N. Cotter, Esq.
Spencer Fane, LLP
1700 Lincoln Street
Suite 2000
Denver, CO 80203

John O'Brien, Esq.
Snell & Wilmer, LLP
1200 Seventeenth Street
Suite 1900
Denver, CO 80202-5854

Craig K. Schuenemann, Esq.
Bryan Cave, LLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203-4541

Mark G. Stingley, Esq.
William J. Maloney, Esq.
Bryan Cave, LLP
1200 Main Street
Suite 3800
Kansas City, Missouri 64105

Adam L. Hirsch, Esq.
Kutak Rock, LLP
1801 California Street
Suite 3000
Denver, CO 80202-2658

Erica F. Houck Englert, Esq.
1801 California Street
Suite 3400
Denver, CO 80202

James B. Holden, Esq.
Lynda L. Atkins, Esq.
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 8th Floor
Denver, CO 80203

Gregory G. Hesse, Esq.
Hunton & Williams, LLP
1445 Ross Avenue
Suite 3700
Dallas, Texas 75202-2799

Steven E. Abelman, Esq.
Brownstein Hyatt Farber Schreck, LLP
410 Seventeenth Street
Suite 2200
Denver, CO 80202

Paul G. Urtz, Esq.
Miller & Urtz, LLC
1660 Lincoln Street
Suite 2850
Denver, CO 80264

Darryl S. Laddin, Esq.
Frank N. White, Esq.
Arnall Golden Gregory, LLP
171 17th Street, NW
Suite 2100
Atlanta, Georgia 30363-1031

Samuel M. Kidder, Esq.
Brownstein Hyatt Farber Schreck, LLP
410 17th Street, Suite 2200
Denver, CO 80202-4432

Robert A. Kumin, Esq.
Scott S. Kleypas, Esq.
Robert A. Kumin, P.C.
6901 Shawnee Mission Parkway
Suite 250
Overland Park, KS 66202

Scott A. Clark, Esq.
Burns, Figa & Will, P.C.
Plaza Tower One, Suite 1000
6400 South Fiddlers Green Circle
Greenwood Village, CO 80111

Neal K. Dunning, Esq.
Brown, Berardini, Dunning & Walker,
P.C.
2000 South Colorado Boulevard
Tower Two, Suite 700
Denver, CO 80222

Douglas D. Koktavy, Esq.
Douglas D. Koktavy, P.C.
Building B, Suite 120
10200 East Girard Avenue
Denver, CO 80231

Ronald E. Gold, Esq.
Frost Brown Todd LLC
3300 Great American Tower
301 East Fourth Street
Cincinnati, Ohio 45208

Peter W. Ito, Esq.
ITO Law Group, LLC
1550 Larimer Street
Suite 667
Denver, CO 80202

Jeffrey N. Pomerantz, Esq.
Jeffrey W. Dulberg, Esq.
Pachulski Stang Ziehl & Jones, LLP
10100 Santa Monica Blvd.
13th Floor
Los Angeles, CA 90067-4100

Gregory S. Bell, Esq.
Bell, Gould, Linder & Scott, P.C.
322 East Oak Street
Fort Collins, CO 80524

NRC Realty & Capital Advisors, LLC
8601 North Scottsdale Road
Suite 310
Scottsdale, AZ 85253

Joseph D. Frank, Esq.
Jeremy C. Kleinman, Esq.
Frank Gecker, LLP
325 North LaSalle Street
Suite 625
Chicago, IL 60654

Soukup Bush & Associates, P.C.
2032 Caribou Drive
Suite 200
Fort Collins, CO 80525

Darryl S. Laddin, Esq.
Frank N. White, Esq.
Arnall Golden Gregory, LLP
171 17th Street NW
Suite 2100
Atlanta, Georgia 30363-1031

**Vicky Martina**

## FIRST AMENDMENT TO RESTRUCTURING SUPPORT
## AND SETTLEMENT AGREEMENT

This FIRST AMENDMENT TO RESTRUCTURING SUPPORT AND SETTLEMENT AGREEMENT ("First Amendment"), dated as of **March 9, 2016**, is entered into by and among (i) Western Convenience Stores, Inc. (the "Debtor"), (ii) Suncor Energy (U.S.A.) Inc. ("Suncor"), (iii) the HDT named entities set forth on **Exhibit A** to the RSSA (collectively, the "HDT Transferred Entities"), (iv) Hossein D. Taraghi, an individual ("H. Taraghi"), (v) Debra Taraghi, an individual ("D.Taraghi" and collectively with H. Taraghi, the "Taraghis"), (vi) WCS One LLC ("WCS One"), (vii) Western Truck One, LLC ("WTO"), (viii) H.D.T. Nine Limited Liability Company ("HDT 9"), (ix) H.D.T. Twelve Limited Liability Company ("HDT 12"), and (x) H.D.T. Thirty Six Limited Liability Company ("HDT 36"). The Debtor, Suncor, the HDT Transferred Entities, the Taraghis, WCS One, WTO, HDT 9, HDT 12, HDT 36, and any subsequent person or entity that becomes a party hereto in accordance with the terms hereof are referred to collectively herein as the "Parties" and individually as a "Party."

### RECITALS

1.   The Parties have entered into a Restructuring Support and Settlement Agreement ("RSSA") executed on or about January 29, 2016;

2.   The Debtor has filed a motion for approval of the RSSA in its pending Chapter 11 bankruptcy case, *In Re: Western Convenience Stores, Inc.*, Case No. 15-23977-TBM (Bankr. D. Colo.) (the "Bankruptcy Case");

3.   The Debtor expects to file in the Bankruptcy Case a Non-Contested Certificate requesting an order approving the RSSA on or about March 9, 2016;

4.   The Debtor and Suncor have an issue over the date on which the Debtor is required to file a Plan of Reorganization and Disclosure Statement in order to avoid terminating Suncor's obligations under the RSSA;

5.   The Debtor and Suncor both have an interest in resolving certain dates set forth in the RSSA and compensating Suncor for its amendment of the RSSA rather than expending substantial time and effort on the uncertainty of litigation; and

6.   All capitalized or defined terms used herein, but not defined herein, shall have the meanings set forth in the RSSA.

**NOW, THEREFORE**, in consideration of the premises and the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties, intending to be legally bound, agree as follows:

1.   **Payment to Suncor (New Section 30).**  The RSSA is hereby amended to add and include the following new Section 30:

**EXHIBIT A**

**Section 30.**  **$40,000 Payment.**  In addition to the payments that are required to be made to Suncor under the terms of the RSSA and the Sale Process Documents, the Debtor shall pay to Suncor the additional sum of $40,000 immediately following the payment of all allowed claims in the Debtor's chapter 11 case (the "$40,000 Payment"). The Parties agree that the obligation to pay the $40,000 Payment is separate from, independent of, and in addition to the obligation to pay any other amounts under the RSSA and the Sale Process Documents (including, without limitation, the Principal Consideration or Current Indebtedness, as applicable), and shall be owed even if the Restructuring Support Period ends for any reason, including, without limitation, if any of the events referenced in Section 6(a) occur (terminating Suncor's obligations referenced therein) or the Suncor Sale Agreement (LLCs) does not close on or before the Sales Transaction Deadline. Debtor agrees that its obligation to make the $40,000 Payment shall be an express condition of the Plan, which shall be non-modifiable, whether or not there is substantial consummation of the Plan.

2. **Modification of Dates.**  The following dates set forth in the RSSA shall be amended as follows:

| RSSA Paragraph | Modification |
| --- | --- |
| Page 4,<br>4th WHEREAS clause | Original Provision:<br>"plan of reorganization of the Debtor that will be filed on or before the date on which this Agreement is approved by the Bankruptcy Court"<br><br>Modified Provision:<br>"plan of reorganization of the Debtor that will be filed on or before March 18, 2016." |
| Page 7,<br>Paragraph 1(v)(ii) | Original Provision:<br>"sixty (60) days"<br><br>Modified Provision:<br>"ninety (90) days" |
| Page 18,<br>Paragraph 6(a)(xv)(A) | Original Provision:<br>"February 28, 2016"<br><br>Modified Provision:<br>"March 18, 2016" |

3.    **Amount of Current Indebtedness.**  In order to account for interest and fees accrued since the Effective Date of the RSSA against all parties except Debtor, the Parties agree as follows:

(a) The definition of the term "Current Indebtedness" in Section 1(g) of the RSSA is deleted in its entirety and amended and replaced with the following:

"Current Indebtedness" means $7,800,000 with respect to Debtor as of the date of this Agreement, and $8,187,864 with respect the Taraghis, the HDT Transferred Entities, WCS One, WTO, HDT 9, HDT 12, and HDT 36, which as of the date the First Amendment is the full amount owing to Suncor by such parties under the Forbearance Documents.

(b) Paragraph 7 of the form of Final Judgment attached as **Exhibit C** to the RSSA is hereby deleted and amended and replaced with the following:

7.  As of the date hereof, the amount of the Federal Amended Final Judgment that remains owed to Suncor by Debtor, Hossein Taraghi, and Debra Taraghi, jointly and severally, is $7,800,000; and each of the Guarantors is jointly and severally liable to Suncor for this amount.  In addition, Hossein Taraghi and Debra Taraghi are jointly and severally liable for an additional $387,864 of the Federal Amended Final Judgment (for a total of $8,187,864), and each of the Guarantors is jointly and severally liable to Suncor for this additional amount.  Interest shall accrue on these amounts at the rate of 7% per annum, commencing as of the date of entry of this Final Judgment.

4.    **Loan Documents.**  The Parties agree and acknowledge that the RSSA, including Section 5(a) and Section 8, require, without limitation, that: (a) the loan, security, and other related documents, which may be entered into by Taraghi, Debtor, and any of the other Parties, in order to consummate the Sale Transactions and/or the Plan (collectively, the "Loan Documents") constitute Plan Process Documents, (b) the Loan Documents shall not breach, conflict, or interfere with the terms of the RSSA or the Sale Process Documents, including, without limitation, Section 6.04 of the Suncor Sale Agreement (LLCs), and (c) Debtor and Taraghi will provide drafts of the Loan Documents to Suncor prior to their execution for Suncor's review and approval.

5.    **Savings Provision.**  All of the remaining provisions of the RSSA shall remain in full force and effect, are unaffected by this First Amendment, and are ratified by the Parties, subject to Bankruptcy Court approval solely with respect to the Debtor.  This First Amendment shall constitute an amendment of the RSSA pursuant to RSSA, Section 11.  The recitals are incorporated into and form a part of this First Amendment.

**IN WITNESS WHEREOF**, the Parties hereto have caused this First Amendment to be executed and delivered as of the date first set forth above.

**WESTERN CONVENIENCE STORES, INC.**

By: _____

Name:   Hossein D. Taraghi

Title: _____

**SUNCOR ENERGY (U.S.A.) INC.**

By: _____

Name:   Steve Ewing

Title:   Director, Rackforward Sales

**H.D.T. LIMITED LIABILITY COMPANY**

By:   Suncor Energy (U.S.A.) Inc., Manager

    By: _____

    Name:   Steve Ewing

    Title:   Director, Rackforward Sales

**H.D.T. ONE LIMITED LIABILITY COMPANY**

By:   Suncor Energy (U.S.A.) Inc., Manager

    By: _____

    Name:   Steve Ewing

    Title:   Director, Rackforward Sales

**IN WITNESS WHEREOF**, the Parties hereto have caused this First Amendment to be executed and delivered as of the date first set forth above.

**WESTERN CONVENIENCE STORES, INC.**

By: _____

Name:  Hossein D. Taraghi

Title: _____

**SUNCOR ENERGY (U.S.A.) INC.**

By: _____

Name:  Steve Ewing

Title:  Director, Rackforward Sales

**H.D.T. LIMITED LIABILITY COMPANY**

By:  Suncor Energy (U.S.A.) Inc., Manager

     By: _____

     Name:  Steve Ewing

     Title:   Director, Rackforward Sales

**H.D.T. ONE LIMITED LIABILITY COMPANY**

By:  Suncor Energy (U.S.A.) Inc., Manager

     By: _____

     Name:  Steve Ewing

     Title:   Director, Rackforward Sales

[Signature Page to First Amendment to Restructuring Support and Settlement Agreement]

**H.D.T. TWO LIMITED LIABILITY
COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

        By: _____

        Name:  Steve Ewing

        Title:   Director, Rackforward Sales

**H.D.T. THREE LIMITED LIABILITY
COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

        By: _____

        Name:  Steve Ewing

        Title:   Director, Rackforward Sales

**H.D.T. FOUR LIMITED LIABILITY
COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

        By: _____

        Name:  Steve Ewing

        Title:   Director, Rackforward Sales

**H.D.T. FIVE LIMITED LIABILITY
COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

        By: _____

        Name:  Steve Ewing

        Title:   Director, Rackforward Sales

[Signature Page to First Amendment to Restructuring Support and Settlement Agreement]

**H.D.T. SIX LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales

**H.D.T. SEVEN LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales

**H.D.T. EIGHT LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales

**H.D.T. TEN LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales

[Signature Page to First Amendment to Restructuring Support and Settlement Agreement]

**H.D.T. ELEVEN LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By:    _____

Name:  Steve Ewing

Title:    Director, Rackforward Sales


**H.D.T. THIRTEEN LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By:    _____

Name:  Steve Ewing

Title:    Director, Rackforward Sales


**H.D.T. FOURTEEN LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By:    _____

Name:  Steve Ewing

Title:    Director, Rackforward Sales


**H.D.T. FIFTEEN LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By:    _____

Name:  Steve Ewing

Title:    Director, Rackforward Sales


[Signature Page to First Amendment to Restructuring Support and Settlement Agreement]

**H.D.T. SIXTEEN LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By:    _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales


**H.D.T. SEVENTEEN LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By:    _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales


**H.D.T. EIGHTEEN LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By:    _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales


**H.D.T. NINETEEN LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By:    _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales


[Signature Page to First Amendment to Restructuring Support and Settlement Agreement]

**H.D.T. TWENTY LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

       By: _____

       Name:  Steve Ewing

       Title:   Director, Rackforward Sales

**H.D.T. TWENTY ONE LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

       By: _____

       Name:  Steve Ewing

       Title:   Director, Rackforward Sales

**H.D.T. TWENTY TWO LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

       By: _____

       Name:  Steve Ewing

       Title:   Director, Rackforward Sales

**H.D.T. TWENTY THREE LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

       By: _____

       Name:  Steve Ewing

       Title:   Director, Rackforward Sales

**H.D.T. TWENTY FOUR LIMITED LIABILITY COMPANY**

By:     Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales

**H.D.T. TWENTY FIVE LIMITED LIABILITY COMPANY**

By:     Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales

**H.D.T. TWENTY SIX LIMITED LIABILITY COMPANY**

By:     Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales

**H.D.T. TWENTY SEVEN LIMITED LIABILITY COMPANY**

By:     Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales

[Signature Page to First Amendment to Restructuring Support and Settlement Agreement]

**H.D.T. TWENTY EIGHT LIMITED
LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales


**H.D.T. TWENTY NINE LIMITED LIABILITY
COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales


**H.D.T. THIRTY LIMITED LIABILITY
COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales


**H.D.T. THIRTY ONE LIMITED LIABILITY
COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales


[Signature Page to First Amendment to Restructuring Support and Settlement Agreement]

**H.D.T. THIRTY TWO LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By:    _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales


**H.D.T. THIRTY THREE LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By:    _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales


**H.D.T. THIRTY FOUR LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By:    _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales


**H.D.T. THIRTY FIVE LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

By:    _____

Name:  Steve Ewing

Title:   Director, Rackforward Sales


[Signature Page to First Amendment to Restructuring Support and Settlement Agreement]

**H.D.T. THIRTY SEVEN LIMITED LIABILITY COMPANY**

By:     Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:    Director, Rackforward Sales

**H.D.T. THIRTY EIGHT LIMITED LIABILITY COMPANY**

By:     Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:    Director, Rackforward Sales

**H.D.T. THIRTY NINE LIMITED LIABILITY COMPANY**

By:     Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:    Director, Rackforward Sales

**H.D.T. FORTY LIMITED LIABILITY COMPANY**

By:     Suncor Energy (U.S.A.) Inc., Manager

By: _____

Name:  Steve Ewing

Title:    Director, Rackforward Sales

[Signature Page to First Amendment to Restructuring Support and Settlement Agreement]

**H.D.T. FORTY TWO LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

       By: _____

       Name:  Steve Ewing

       Title:   Director, Rackforward Sales

**H.D.T. FORTY THREE LIMITED LIABILITY COMPANY**

By:    Suncor Energy (U.S.A.) Inc., Manager

       By: _____

       Name:  Steve Ewing

       Title:   Director, Rackforward Sales

_____

HOSSEIN D. TARAGHI, an individual

_____

DEBRA TARAGHI, an individual

**WCS ONE LLC**

By:     _____

Name:    Hossein D. Taraghi

Title:     Manager

[Signature Page to First Amendment to Restructuring Support and Settlement Agreement]

**H.D.T. FORTY TWO LIMITED LIABILITY COMPANY**

By:     Suncor Energy (U.S.A.) Inc., Manager

        By:_____

        Name:  Steve Ewing

        Title:   Director, Rackforward Sales

**H.D.T. FORTY THREE LIMITED LIABILITY COMPANY**

By:     Suncor Energy (U.S.A.) Inc., Manager

        By:_____

        Name:  Steve Ewing

        Title:   Director, Rackforward Sales

_____

HOSSEIN D. TARAGHI, an individual

_____

DEBRA TARAGHI, an individual

**WCS ONE LLC**

By:     _____

Name:    Hossein D. Taraghi

Title:     Manager

**WESTERN TRUCK ONE, LLC**

By:

Name:    Hossein D. Taraghi

Title:    Manager

**H.D.T. NINE LIMITED LIABILITY COMPANY**

By:

Name:    Hossein D. Taraghi

Title:    Manager

**H.D.T. TWELVE LIMITED LIABILITY COMPANY**

By:

Name:    Hossein D. Taraghi

Title:    Manager

**H.D.T. THIRTY SIX LIMITED LIABILITY COMPANY**

By:

Name:    Hossein D. Taraghi

Title:    Manager

## FIRST AMENDMENT TO MEMBERSHIP PURCHASE AGREEMENT

THIS FIRST AMENDMENT TO MEMBERSHIP PURCHASE AGREEMENT (this "Amendment") is entered into as of **March 9, 2016**, by and between Suncor Energy (U.S.A.) Inc., a Delaware corporation (the "Seller"), and Hossein Taraghi, an individual ("Purchaser"), and amends that certain Membership Purchase Agreement, dated January 29, 2016, between Seller and Purchaser (the "Agreement").   Capitalized terms that are used in this Amendment but not defined in this Amendment shall have the respective meanings given in the Purchase Agreement.

### AGREEMENT:

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the parties hereto hereby agree as follows:

1.1   Amendments.

(a) Section 8.01 of the Agreement is hereby deleted in its entirety and amended and replaced with the:

8.01 **Termination.**

(a) This Agreement may be terminated at any time prior to the Effective Time:

(i) by mutual written consent of Purchaser and Seller; or

(ii) at any time by Seller if the Restructuring Support Period (as defined in Section 1(v) of the Settlement Agreement) ends or terminates for any reason except as set forth in Section 1(v)(v) of the Settlement Agreement.

(b) This Agreement automatically terminates:

(i)  if the Closing does not occur by the Closing Date; or
(ii) upon the occurrence of any of the events set forth in Section 6(a) of the Settlement Agreement, including, without limitation, Section 6(a)(xv) of the Settlement Agreement.

1.2   All Other Terms Remain Unchanged.  Except as expressly set forth in this Amendment, all other terms and conditions of the Agreement shall remain unchanged and unaffected by this Amendment.

1.3   Incorporation.  The other provisions of the Agreement, to the extent not amended hereby, shall be incorporated in this Amendment and deemed to be a part hereof.

1.4   Counterparts.  This Amendment may be executed in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument.  The exchange of copies of this Amendment and of signature pages by facsimile or by e-mail in a .pdf format shall constitute effective execution and delivery of this Amendment as to the parties and may be used in lieu of the original Amendment for all purposes.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

**EXHIBIT B**

IN WITNESS WHEREOF, the parties hereto have executed this Amendment the day and year first above written.

SELLER:                                          PURCHASER:

SUNCOR ENERGY (U.S.A.) INC.                      HOSSEIN TARAGHI

By: _____                      By: _____
Name: _____                      Name: _____
Title: _____                     Title: _____

IN WITNESS WHEREOF, the parties hereto have executed this Amendment the day and year first above written.

SELLER:                                  PURCHASER:

SUNCOR ENERGY (U.S.A.) INC.              HOSSEIN TARAGHI

By: _____            By: _____
Name: _____            Name: Hossein Taraghi
Title: _____           Title: _____

[Signature Page to First Amendment to Jet Purchase and Sale Agreement]

## FIRST AMENDMENT JET PURCHASE AND SALE AGREEMENT

THIS FIRST AMENDMENT TO JET PURCHASE AND SALE AGREEMENT (this "Amendment") is entered into as of **March 9, 2016**, by and between W.C.S. One, LLC, a Colorado limited liability company ("Seller"), and Suncor Energy (U.S.A.) Inc., a Delaware corporation (the "Purchaser"), and amends that certain Jet Purchase and Sale Agreement, dated January 29, 2016, between Seller and Purchaser (the "Agreement"). Capitalized terms that are used in this Amendment but not defined in this Amendment shall have the respective meanings given in the Purchase Agreement.

### R E C I T A L S :

A.     The definitions of "Jet" and "Engines" in the Agreement contain certain inadvertent errors; and

B.     Seller and Purchaser desire to amend the Agreement to correct these inadvertent errors, as well as to change the Transfer Date.

### A G R E E M E N T :

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained, the parties hereto hereby agree as follows:

1.1     Amendments.

(a) Section 1.1 of the Agreement is hereby amended by deleting the definition of "Engines" in its entirety and replacing it with the following:

"Engines" shall mean the two (2) Honeywell ATF3-6A-4C aircraft engines, bearing manufacturer's serial numbers P-20173 and P-20114 and all parts installed thereon, installed on the Jet.

(b) Section 1.1 of the Agreement is hereby amended by deleting the definition of "Jet" in its entirety and replacing it with the following:

"Jet" shall mean one (1) 1986 Dassault-Brequet Falcon 200 (for International Registry purposes Dasault Aviation Falcon 20) aircraft FAA Registration Number N777FC (Serial Number 508) and hereinafter referred to as the "Airframe," together with the Engines and any propellers installed thereon, all parts and the Records.

(c) Section 1.1 of the Agreement is hereby amended by deleting the definition of "Transfer Date" in its entirety and replacing it with the following:

"Transfer Date" shall mean March 30, 2016, or such other date as determined by Purchaser in its sole and absolute discretion provided such date occurs at least two days after notice to Seller.

(d) The Parties agree to delete Section 3.1 of the Agreement in its entirety and amend and replace it with the following:

3.1     Jet Purchase Price.  On the Closing Date, (i) if Purchaser is the actual purchaser of the Jet, the Jet Purchase Price shall have been deemed paid by Purchaser to sell

**EXHIBIT C**

EXECUTION VERSION

through (x) a reduction in the Current Indebtedness (as defined in the Settlement Agreement) equal to the Jet Purchase Price, and (y) the delivery of the Release, or (ii) if the actual purchaser is a third party who has taken Purchaser's rights by assignment, the amount of the Jet Purchase Price to be paid to Seller shall solely be $10.00, and the upward adjustment referenced in Section 3.2 shall not reflect any additional amount to be paid to Seller, but instead, the Current Indebtedness (as defined in the Settlement Agreement) shall be reduced by the amount of such upward adjustment less $10.00. Seller shall not be entitled to receive any portion of any amounts paid by a third party to Purchaser for an assignment of Purchaser's rights under this Agreement.

1.2   All Other Terms Remain Unchanged.   Except as expressly set forth in this Amendment, all other terms and conditions of the Agreement shall remain unchanged and unaffected by this Amendment.

1.3   Incorporation.   The other provisions of the Agreement, to the extent not amended hereby, shall be incorporated in this Amendment and deemed to be a part hereof.

1.4   Counterparts.   This Amendment may be executed in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument. The exchange of copies of this Amendment and of signature pages by facsimile or by e-mail in a .pdf format shall constitute effective execution and delivery of this Amendment as to the parties and may be used in lieu of the original Amendment for all purposes.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

IN WITNESS WHEREOF, the parties hereto have executed this Amendment the day and year first above written.

SELLER:                                     PURCHASER:

W.C.S. ONE, LLC                             SUNCOR ENERGY (U.S.A.) INC.

By: _____               By: _____
Name: Hossein Taraghi                       Name: _____
Title: mgr                                  Title: _____

[Signature Page to First Amendment to Jet Purchase and Sale Agreement]

IN WITNESS WHEREOF, the parties hereto have executed this Amendment the day and year first above written.

SELLER:                                        PURCHASER:

W.C.S. ONE, LLC                                SUNCOR ENERGY (U.S.A.) INC.

By: _____          By: _____
Name: _____           Name: _Stu Ewin_____
Title: _____          Title: _Directing VP sales + services_